53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The CITY OF LONG BEACH, and The State of California,
Plaintiff-Appellants, Cross-Appellees,
v.
STANDARD OIL COMPANY OF CALIFORNIA, Defendant,
and
Exxon Corporation, Defendant-Appellee, Cross-Appellant.
 Nos. 93-55156, 93-55157, 93-55214, 93-55215, 93-55217.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided May 8, 1995.
 
 IN PART, REVERSED IN PART, AND REMANDED.
 
 
 1
 Before: REINHARDT and NOONAN, Circuit Judges and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Exxon cross-appeals from an Order issued by the district court denying their motion for attorneys' fees on plaintiffs' contract claims. Exxon also appeals the district court's grant of summary judgment for the city on their counterclaim for overpayment. We agree with the district court that Exxon is not entitled to attorneys' fees but we disagree with the district court that the city is entitled to Eleventh Amendment immunity and reverse on that ground.
 
 DISCUSSION
 1. ATTORNEYS' FEES:
 
 4
 Exxon relies on para. 16.1 of the Contractor's Agreement as a basis for an award of attorneys' fees.
 
 Section 16.1 provides in pertinent part:
 
 5
 Unit Operator. Except as provided in Section 16.3 hereof, each Participant, in proportion to its Unit Participation, hereby indemnifies and agrees to hold Unit Operator [the City of Long Beach] harmless against any loss, damage, claim or liability from any act or omission of Unit Operator or its employees, agents or independent contractors in carrying out or operating pursuant to the provisions of this agreement or the Unit Agreement; .... The foregoing indemnities shall also cover all costs and expenses incurred by Unit Operator in connection with any such liability or claim of liability, including the fees of attorneys employed with Approval after Submission to the Participants....
 
 
 6
 The city argues that this is an indemnification clause and thus not a general attorneys' fees clause. The district court agreed. "Whether the trial court applied the correct legal standard is an issue of law properly reviewed de novo." United States for the Use and Benefit of Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989) cert. denied, Esto, Inc. v. Callahan, 493 U.S. 1094 (1990).
 
 
 7
 In Myers Bldg. Indus. v. Interface Tech., Inc., 13 Cal.App.4th 949, 17 Cal.Rptr.2d 242, 255 (1993) the California Court of Appeals stated:
 
 
 8
 A provision including attorney fees as an item of loss in an indemnity clause is not a provision for attorney fees in an action to enforce the contract. Accordingly, such a contractual indemnity provision is not made reciprocal and applicable to the entire contract by the 1983 amendment to Civil Code section 1717.
 
 
 9
 We agree with the district court that para. 16.1 of the Contractor's Agreement is an indemnity provision. Under Myers, this type of an indemnity clause, which merely includes attorneys' fees as an item of loss, is not a general attorneys' fees clause which is then covered by California Civil Code Sec. 1717.
 
 
 10
 2. ELEVENTH AMENDMENT.
 
 
 11
 The Eleventh Amendment issues were decided by the trial court upon motions for summary judgment. A grant of summary judgment is reviewed de novo. City of Long Beach v. Standard Oil Co. of California, 872 F.2d 1401, 1403 (9th Cir.1989). We also review de novo whether a party is immune under the Eleventh Amendment. Durning v. Citibank, N.A., 950 F.2d 1419, 1422 (9th Cir.1991).
 
 
 12
 The city argues that it was entitled to the protection of the Eleventh Amendment because it was acting as "trustee" of the lands and was thus "an arm of the state" for purposes of the Eleventh Amendment. The city has not pointed to any authority suggesting that this doctrine should extend to non-state agencies. We would be reluctant to engage in such a radical departure from the law in light of the Supreme Court's repeated and clear admonition that Eleventh Amendment immunity "does not extend to counties and similar municipal corporations." Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). In any event, even were we to conclude that the Supreme Court's recent decision in Hess v. Port Authority Trans-Hudson Corp., 115 S.Ct. 394 (1994), should apply to the city as trustee, the city would not be entitled to immunity on the facts of this case.
 
 
 13
 We affirm the district court's denial of attorneys' fees to Exxon, but we reverse the district court's grant of summary judgment on the counterclaim and remand to the district court for further proceedings.
 
 
 14
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3